```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


FELICIA SMITH,                       :

     Plaintiff,                      :

vs.                                  :    CIVIL ACTION 08-00383-CG-B

DISPOSALL, INC.,                     :

     Defendant.                      :
```

### REPORT AND RECOMMENDATION

This matter, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), is before the Court on Defendant DisposAll, Inc.'s Corrected Motion to Dismiss. (Doc. 17). Upon review of the referenced motion, supporting briefs and materials, and Plaintiff's brief in opposition, the undersigned **recommends** that Defendant's motion be **DENIED**.

**I.   Background Facts**

Plaintiff initiated the instant action on July 2, 2008, against Defendant DisposAll, Inc. (Doc. 1). Plaintiff filed an amended Complaint on July 22, 2008. (Doc. 6). In her amended Complaint, Plaintiff alleges that she was hired on September 26, 2005, by Defendant DisposAll, Inc., a Florida corporation doing business in the state of Alabama. Plaintiff asserts that she was subjected to sexual harassment during the course of her employment, and that after she complained about the unlawful harassment, Defendant retaliated against her by terminating her employment on

February 7, 2006. (<u>Id.</u>)

    Defendant DisposAll filed a motion, supported by the declaration of DisposAll's President Eugene Calabrese, seeking the dismissal of Plaintiff's claims on the ground that Plaintiff has sued the wrong party, and that Defendant does not have sufficient contacts with the State of Alabama.  In his declaration, Mr. Calabrese asserts that DisposAll is a Florida Corporation with its principal place of business in Altamonte Springs, Florida, that DisposAll does not conduct or solicit any business in Alabama, and that it does not employ any individuals in the state of Alabama. Mr. Calabrese further asserts that Plaintiff was never employed by DisposAll.  Thus, Defendant argues that this Court lacks personal jurisdiction over DisposAll because it does not have the requisite minimum contacts with the State of Alabama.  Defendant further contends that venue is improper.

    In response to Defendant's motion, Plaintiff proffered several documents which she contends establishes that she was employed by DisposAll.  Plaintiff attaches an employment agreement dated October 3, 2005, which provides that "This Agreement confirms my employment with DisposAll, Inc. and its affiliated Companies (together, the "Companies") as well as my acceptance of the terms and conditions thereof." (Doc. 23, Ex. K).  Plaintiff also points to paperwork which indicates that all of Plaintiff's new hire forms were to be sent to "the Payroll Department in Alamonte Springs, Florida for processing."  (Doc. 23, Ex. L).  Plaintiff has also

attached sworn statements which were taken by Greg Gerjel in Mobile, Alabama. (Doc. 23, Exs. B, C). In the statements, Mr. Gerjel identifies himself as general counsel for DisposAll, located in Altamonte Springs, Florida, and indicates that the corporation has different offices in Miami, Mobile and Mississippi, that the corporation has a policy which prohibits harassment, that employees could contact DisposAll's corporate office to report conduct violative of the policy, and that he was in Mobile investigating concerns raised by Plaintiff, Felicia Smith. Plaintiff also points to a letter to the Equal Employment Opportunity Commission (hereinafter "EEOC"), authored by Mr. Gerjel and dated April 1, 2006. (Doc. 23, Ex. E). In the letter, Mr. Gerjel states that Ms. Smith was hired as an office assistant on October 3, 2005 in DisposAll's Mobile, Alabama facility. Mr. Gerjel also sates that ReFuse Management, Inc. is a personnel management company that provides consulting, personnel, and legal assistance to DisposAll Inc.

In response to Plaintiff's submissions, Defendant filed a Reply, and attached a second declaration executed by Eugene Calabrese. In the second declaration, Calabrese asserts that Refuse Management, Inc., DisposAll, Inc. of Mobile, and DisposAll are separate corporations which are wholly owned by a single individual. Calabrese also indicates that he is president of DisposAll, Inc. as well as Refuse Management; however, he does not identify the president of DisposAll, Inc. of Mobile. According to

Mr. Calabrese, DisposAll, which is also referenced as "DisposAll-Florida," is a Florida corporation with its principal place of business in Altamonte Springs, Florida; that Refuse Management, Inc. is a Florida corporation with its principal place of business in Altamonte Springs, Florida; and that DisposAll-Mobile is an Alabama corporation that was organized in January 2002 and dissolved in May 2008.

Mr. Calabrese asserts that DisposAll-Mobile and DisposAll-Florida operated in separate states with separate workforces, and that each was separately and independently managed and operated. He further asserts that Refuse Management provided consulting and personnel related services to DisposAll, Inc. of Mobile and DisposAll, Inc. for a fee, that Refuse Management provided generic forms and policies that were utilized by both companies, and that Refuse Management processed Plaintiff's initial hire paperwork, etc.; however, the employment decisions regarding Plaintiff were made by DisposAll, Inc. of Mobile.  According to Mr. Calabrese, Greg Gerjel, Refuse Management's former in-house attorney, investigated Plaintiff's sexual harassment complaint in the role of outside attorney/consultant for DisposAll-Mobile.

**II. Discussion**

The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant." <u>Meier v. Sun Int'l Hotels, Ltd.</u>, 288 F.3d 1264, 1268 (11th Cir. 2002). "Plaintiff's burden in alleging personal jurisdiction is to plead

sufficient material facts to establish the basis for exercise of such jurisdiction." Future Tech. Today, Inc., v. OSF Healthcare Sys., Inc., 218 F.3d 1247, 1249 (11th Cir. 2000). "A federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits …." Meier, 288 F.3d at 1269.

In Meier, the Court of Appeals for the Eleventh Circuit set out the principles which guide this Court's review of Defendant's Motion to Dismiss based on lack of personal jurisdiction:

> When a district court does not conduct a discretionary hearing on a motion to dismiss for lack of personal jurisdiction, the plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant. A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. Finally where the plaintiff's complaint and the defendant's affidavit conflict, the court must construe all reasonable inferences in favor of the plaintiff.

916 F.2d at 1515 (citations omitted).

In a diversity action, the court "undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute, and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." United Techs. Corp. V. Mazer, 556 F.3d. 1260, 1274 (11th Cir. 2009). Because Alabama's long-arm provision, Rule 4.2(a) of the Alabama Rules of Civil Procedure, is coextensive with due process

requirements, see Ala. Waterproofing Co. v. Hanby, 431 So. 2d 141, 145 (Ala. 1983), the court need only consider whether the exercise of jurisdiction satisfies the requirements of due process, Oliver v. Merritt Dredging Co., 979 F.2d 827, 830 (11th Cir. 1992). Due process requires: (1) that the defendant have "certain minimum contacts" with the forum state, and (2) if such minimum contacts exist, that the exercise of jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice." Burnham v. Superior Court of Cal., 495 U.S. 604, 618, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990)(quoting Int'l Shoe Co. v. Washington, 326 U.S. 310 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95(1945)). "This two-part test embodies the controlling due process principle that a defendant must have 'fair warning' that a particular activity may subject it to the jurisdiction of a foreign sovereign." Vermeulen v. Renault, U.S.A., Inc., 985 F.2d 1534, 1545 (11th Cir. 1993).

While Defendant contends that Plaintiff was never employed by DisposAll, and that DisposAll never had any involvement or dealings between DisposAll-Mobile and its employees, including Plaintiff, Defendant acknowledges that if DisposAll, DisposAll-Mobile and Refuse Management, Inc. are found to be an "integrated enterprise" or "single employer," then the question of whether DisposAll has sufficient contacts with the State of Alabama would be moot because DisposAll-Mobile had sufficient contacts with Alabama to be subject to suit in the Southern District of Alabama. This Circuit uses four factors, borrowed from standards promulgated by the National Labor Relations Board, to determine whether "'two nominally

separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a 'single employer.'" Long v. Aronov Realty Mgmt., 2009 U.S. Dist. LEXIS 8471, at *52 (M.D. Ala. Feb. 4, 2009) (internal quotations omitted). The factors include (1) interrelated operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. Id.  Not every factor must be present; nor is any single factor controlling. Lyes v. City of Riviera Beach, 166 F.3d 1332, 1341 n.5 (11th Cir. 1999). In employment discrimination cases, the pertinent question is "'who had control of the day-to-day operations of the business and who had the authority to hire and fire employees.'" Hegre v. Alberto-Culver USA, Inc., 485 F. Supp. 2d 1367, 1375 (S.D. Ga. 2007). In other words, "the Court's primary inquiry is into 'the degree of control an entity has over the adverse employment decision[s]' which gave rise to the suit." Id.; see Llampallas v. Mini-Circuits, Inc., 163 F.3d 1236, 1244-45 (11th Cir. 1998) (noting that the single employer analysis "concentrate[s] on the degree of control an entity has over the [allegedly liable conduct]" on which the suit is based); see also Long, 2009 U.S. Dist. LEXIS 8471 at *61-62 (finding that Defendant prevailed on whether it was a single employer where neither Plaintiff nor Defendant provided evidence on the critical determination of who at the defendant company or its wholly-owned subsidiary had the capacity to hire, discipline, train, or fire); Johnson v. Crown Enters., 398 F.3d 339, 343 (5th Cir. 2005) (finding that corporations which operated out of the same building, shared

secretarial and administrative support services, and were owned by the same family, did not constitute an integrated enterprise for the purposes of imposing Title VII liability).

In the case sub judice, Plaintiff has submitted sufficient evidence, at this stage, to establish a prima facie case that DisposAll was her employer.  Plaintiff has presented evidence that all three companies, DisposAll, DisposAll-Mobile, and Refuse Management, are wholly owned by a single individual and that the same person serves as the president of at least two of the companies[1]. Plaintiff has also presented evidence that the majority of her employment documents identify DisposAll as her employer, and Defendant represented to the EEOC that DisposAll was Plaintiff's employer.  Moreover, during the course of the investigation into Plaintiff's allegations, Gregory Gerjel represented that he was investigating Plaintiff's complaint in connection with his role as General Counsel for DisposAll and that DisposAll has three sites or offices, Mobile, Miami and Gautier.  Additionally, Mr. Gerjel also indicated that DisposAll has a policy prohibiting harassment and discrimination that was applicable to Plaintiff as well as her co-workers who were being interviewed, and that employees should feel free to report concerns about harassment and discrimination to DisposAll's corporate office. (Doc. 23, Exs. B, C).  Therefore, while DisposAll has presented evidence indicating that Plaintiff was employed by DisposAll-Mobile, instead of DisposAll, the evidence produced by Plaintiff is sufficient to make a prima facie

---

[1]As noted supra, Defendant did not identify the individual who served as president of DisposAll-Mobile during its existence.

showing that she was employed by DisposAll. As events giving rise to this lawsuit undoubtedly arise from Plaintiff's relationship with her employer, a prima facie showing of Plaintiff's employment by DisposAll suffices, at this juncture, to establish a prima facie case of specific jurisdiction over DisposAll. However, as this case advances, Plaintiff will have to establish jurisdiction over DisposAll by a preponderance of the evidence- -a burden which is higher than that applicable to the current motion, which is merely a prima facie case. See Felch v. Transportes Lar-Mex SA DE CV, 92 F.3d 320, 326 (5th Cir. 1996)(holding that the plaintiff's burden in responding to a defendant's motion to dismiss for lack of personal jurisdiction is raised from prima facie showing to a preponderance of the evidence if the trial court holds an evidentiary hearing or the case proceeds to trial).

Accordingly, the undersigned finds that Defendant's Motion to Dismiss is due to be denied.[2]

---

[2]The transfer provision of 28 U.S.C. § 1404 provides, in part, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Consequently, in the usual case, in order to transfer venue when the plaintiff's chosen venue may be proper, the defendant has the burden of demonstrating that the action should be transferred in the interests of convenience and justice. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). A court, however, has "broad discretion in weighing the conflicting arguments as to venue," England v. ITT Thompson Industries, Inc., 856 F.2d 1518, 1520 (11th Cir. 1988); it must engage in an "individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 2244, 101 L. Ed. 2d 22 (1988). Based upon the record before the Court, the undersigned finds that this case should not be transferred pursuant to 28 U.S.C. § 1404 as the evidence is undisputed that throughout Plaintiff's employment,

### III. Conclusion

For the reasons set forth herein, and upon careful consideration of the record, the undersigned **RECOMMENDS** that Defendant DisposAll, Inc.'s Motion to Dismiss be **DENIED**.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **18th** day of **May, 2009.**

                                                              **/s/ SONJA F. BIVINS**
                                             **UNITED STATES MAGISTRATE JUDGE**

---

she worked in Mobile, most of the witnesses are located in Mobile, and the Company's investigation was conducted in Mobile. Accordingly, the undersigned finds that the interest of justice is best served by retaining this action within this District.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.